PER CURIAM:
Claimant b rought t his a ction f or da mages t o h is v ehicle w hich occurred when his daughter was driving his vehicle and it struck a hole on Route 622, locally known as Goff Mountain Road, near Cross Lanes. Route 622 is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on January 8, 1999, at approximately 3:00p.m. On the cloudy day in question, claimant’s daughter, Jessica Michelle Smith, drove his 1998 Z-28 Chevrolet Camaro from Institute toward Cross Lanes on Route 622. She was proceeding at a speed of about twenty-five to thirty miles per hour. Route 622 is a two-lane, high priority road about twenty-two feet wide with a double yellow line indicating the center of the road surface and white edge lines. Ms.. Smith was driving the vehicle on an uphill slope, and she had traffic in front of and behind the vehicle. Suddenly, oncoming traffic forced Ms. Smith to maneuver the vehicle toward the edge of the paved road surface, where she noticed an irregularity in the pavement. Ms. Smith slowed the speed of the vehicle, but she *193 was unable to prevent the vehicle from striking the irregularity in the pavement. The incident caused damage to the vehicle’s passenger side rear tire. Since claimant had a deductible feature of $500.00 - in his motor vehicle insurance policy, he was responsible for the loss estimated by Ms. Smith to be around $250.00.
The position of respondent was that it did not have notice of an irregularity in the pavement of Route 622 in Kanawha County on the date of this incident. A review of respondent’s records substantiated its position. In addition, Highway Administrator Charles Earl Smith testified that he traveled the road about one year after Ms. Smith’s incident and he did not observe any irregularity in the pavement or evidence of patching on the road in the area described as the accident scene.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence adduced at the May 4, 2000, hearing failed to establish that respondent had notice of a defective condition on Route 622 or that it failed to assure the safety- of motorists on Route 622 in Kanawha County. While the Court is of the opinion that Ms. Smith was involved in an incident, that fact alone is insufficient to establish negligence on the part of respondent. Consequently, there is insufficient evidence of negligence upon which to base an award.
In accordance with the finding of facts and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.